**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RUDOLPH R. MYNNS,**

    **Plaintiff,**

**v.**                                                          **CASE NO. 8:06-CV-999-T-EAJ**
**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**
_____ /

**FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his claim for Disability Insurance Benefits ("DIB"), Social Security Insurance ("SSI"), and period of disability under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 15).

applicable legal standards. See 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. <u>Goodley v. Harris</u>, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See <u>Davis v. Shalala</u>, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See <u>Jamison v. Bowen</u>, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed an application for SSI on October 3, 2003, and an application for DIB on November, 3, 2003. (T 47, 218) Plaintiff amended his application at his hearing to claim an onset of disability October 1, 2003. (T 241) Plaintiff alleges that high blood pressure, diabetes, detached retina, shoulder pain, and prostate problems have made it impossible for him to work. (T 14, 57)

Plaintiff's application was denied initially and upon reconsideration, and then by the ALJ in a decision dated September 14, 2005. (T 13-19) On March 24, 2006, the Appeals Council denied Plaintiff's request for review, thereby allowing the decision of the ALJ to stand. (T 2-4) Plaintiff then filed a timely petition for judicial review of the Commissioner's denial of benefits (Dkt. 1). Because Plaintiff has exhausted all administrative remedies, the Commissioner's decision is ripe for review under the Act.

At the time of the March 10, 2005 hearing before the ALJ, Plaintiff was 62 years old. (T 237) Having received the British equivalent of a high school education, Plaintiff earned his living in the United States as an aircraft quality control inspector, quality assurance inspector, a customer service representative, a data processor, and a security service consultant. (T 64-66, 237 ) Plaintiff has engaged in no substantial gainful work activity since his onset date.

Weighing the testimonies of both Plaintiff and the Vocational Expert ("VE") along with available medical opinions, the ALJ determined that Plaintiff's residual functional capacity ("RFC") was suitable for his past relevant work, except for the position of aircraft quality control inspector. (T 18) Although the ALJ found some of Plaintiff's impairments to be severe, none, either individually or combined, were equivalent to those listed in Appendix 1, Subpart P, Regulations No. 4, as required by 20 C.F.R. § 404.1520 for a finding of disability. (Id.)

Additionally, the ALJ cited inconsistencies between Plaintiff's testimony and the medical evidence which cast doubt upon the credibility of Plaintiff's impairment claims. (T 17) Therefore, the ALJ concluded that Plaintiff's testimony regarding his limitations was not wholly credible. Applying the five part test from 20 C.F.R. § 404.1520 for determining whether a claimant is disabled, the ALJ found that Plaintiff was not under a disability as defined by the Act. (T 19)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**II.**

Plaintiff argues that the ALJ erred by: (1) failing to consider the combined effect of Plaintiff's impairments and (2) failing to include all impairments in his hypothetical question to the VE (Dkt. 18). Plaintiff also contends that the existence of new medical evidence is cause to remand

3


the case (Id.). For the reasons set forth below, the decision of the Commissioner is affirmed.

**A.**     Plaintiff's argues that the ALJ did not consider the combined impact of his impairments (Dkt. 18 at 13).[3]

The Eleventh Circuit has held that the ALJ's discussion of Plaintiff's alleged impairments, along with a statement indicating that he or she has considered all of these impairments in combination, compels the conclusion that the ALJ properly addressed the combination issue. Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986). However, conclusory statements will not suffice. The ALJ must "state specifically the weight accorded each item of [impairment] evidence and the reasons for his decision." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986) (citations omitted).

Where a plaintiff has alleged a number of impairments, disability may exist "even though none of the impairments, considered individually, is disabling."[4] Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984). The ALJ must always explain whether the impairments are severe on their own and in combination. See Gibson,779 F.2d at 623.

Plaintiff acknowledges that the ALJ did address a number of Plaintiff's impairments (Dkt. 18 at 14). The decision states that though they are all "severe" impairments within the meaning of the Regulations, Plaintiff's arthritis of the shoulder, herniated discs, diabetes, enlarged prostate, and hypertension do not combine to meet or equal the standard for disability within Appendix 1, Subpart P, Regulations No. 4. (T 15) However, Plaintiff argues that the ALJ's decision failed to include, and

---

[3]Within Plaintiff's singly pled "combined impact" claim are two distinct arguments which the court addresses individually.

[4]A disabling impairment is judged not on its deviation from a medical standard but on its impact on one's ability to work. McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

the case (Id.). For the reasons set forth below, the decision of the Commissioner is affirmed.

**A.**     Plaintiff's argues that the ALJ did not consider the combined impact of his impairments (Dkt. 18 at 13).[3]

The Eleventh Circuit has held that the ALJ's discussion of Plaintiff's alleged impairments, along with a statement indicating that he or she has considered all of these impairments in combination, compels the conclusion that the ALJ properly addressed the combination issue. Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986). However, conclusory statements will not suffice. The ALJ must "state specifically the weight accorded each item of [impairment] evidence and the reasons for his decision." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986) (citations omitted).

Where a plaintiff has alleged a number of impairments, disability may exist "even though none of the impairments, considered individually, is disabling."[4] Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984). The ALJ must always explain whether the impairments are severe on their own and in combination. See Gibson,779 F.2d at 623.

Plaintiff acknowledges that the ALJ did address a number of Plaintiff's impairments (Dkt. 18 at 14). The decision states that though they are all "severe" impairments within the meaning of the Regulations, Plaintiff's arthritis of the shoulder, herniated discs, diabetes, enlarged prostate, and hypertension do not combine to meet or equal the standard for disability within Appendix 1, Subpart P, Regulations No. 4. (T 15) However, Plaintiff argues that the ALJ's decision failed to include, and

---

[3]Within Plaintiff's singly pled "combined impact" claim are two distinct arguments which the court addresses individually.

[4]A disabling impairment is judged not on its deviation from a medical standard but on its impact on one's ability to work. McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

consider in combination, his other impairments such as, "blurry vision, thumb injury, low back pain, hand numbness, brain infarct or stroke and possible cardiac ventricular hypertrophy," and "vertigo and urinary incontinence" (Dkt. 18 at 15).

Upon review of the entire medical record and opinions cited above, the ALJ determined that, "in regard to the claimant's musculoskeletal complaints there are no findings that support Claimant's allegations or testimony that he is unable to stand or sit for prolonged periods. . . ." (T 17) Because of Plaintiff's herniated discs, "he is limited to light work with the additional postural limitations as delineated in the . . . RFC." (Id.) Addressing Plaintiff's unconfirmed allegations of dizziness and vertigo, the ALJ stated, "the file does not contain any objective findings that would account for [these] complaints. However, as his medications may result in dizziness the undersigned finds that he is limited to jobs that do not require working around machinery or at unprotected heights." (Id.) The record indicated "no evidence of cardiac problems or other end organ damage." (Id.) Further, the ALJ found that Plaintiff's diabetes and hypertension are under control with medication. (Id.) Medical tests have discovered an enlarged prostate, but there has been no accompanying urinary incontinence. (T 185) The ALJ agreed with Plaintiff's neurologist who found no objective evidence of any severe mental impairments. (T 17)

The record indicates that on March 11, 2002, neurologist Alberto Vasquez, M.D. ("Dr. Vasquez") treated Plaintiff regarding pain in the shoulder and hand. (T 113) Dr. Vasquez performed an MRI on Plaintiff's shoulder and spine, diagnosing him with a right cervical radiculopathy secondary to a herniated disc at C3-4 and C6-7. (Id.) The ALJ credited this impairment as severe within the meanings of the Regulations. (T 15)

Later, on March 16, 2004, S. Saiyad, M.D. ("Dr. Saiyad"), summarized the findings of a

recent CT scan and MRI performed upon Plaintiff. (T 151-55) Dr. Saiyad indicated the Plaintiff suffered from a possible brain infarct. In his decision, the ALJ summarized Dr. Saiyad's findings and found credible Plaintiff's arthritis of the shoulder and joints and the possibility an old infarct. (T 16)

On March 30, 2004, Plaintiff saw neurologist Harish J. Patel, M.D. ("Dr. Patel"), regarding his alleged poor memory. (T 184) Dr. Patel noted that Plaintiff was alert and oriented, with good attention, concentration, and memory. (T 184-85) Dr. Patel also indicated that despite Plaintiff's enlarged prostate, he suffered no urinary incontinence. (T 185) The discrepancy between Dr. Patel's findings and Plaintiff's subjective complaints cast doubt upon the credibility of Plaintiff's testimony. (T 17)

The ALJ noted that in October and November of 2003, Plaintiff visited the St. Petersburg Free Clinic ("the Clinic") regarding his poor vision and dizziness. (T 16) The Clinic performed a carotid ultrasound but found no significant eye problems. (T 130) Later, on December 2, 2003, Plaintiff visited the St. Luke's Cataract and Laser Institute for further treatment of his vision problems. (T 147-50) Plaintiff's vision was measured to be 20/20 in the left eye and 20/25 in the right eye. (T 150) The examiner could not explain the blindness Plaintiff claims to have experienced during October of 2003. (Id.) Based on these medical records, the ALJ found Plaintiff's complaints of dizziness "largely subjective." (T 17)

Further, on February 19, 2004, Plaintiff saw Christopher Davey, M.D. ("Dr. Davey"), for a comprehensive disability exam. (T 166) Dr. Davey's evaluation found that Plaintiff had a normal gait, full range of motion in his joints and back, strong grip, and normal dexterity. (T 167) Plaintiff's blood pressure was normal. (Id.) Dr. Davey diagnosed Plaintiff's lower back pain, osteoarthritis in the shoulders, and hypertension, but found that they were under control. (T 167-68,

6

16) Despite the self-reported blindness, Dr. Davey noted that Plaintiff "does not move like a blind person." (T 168) Concluding that Plaintiff's poor performance on the vision test was an attempt to mislead Dr. Davey, the ALJ found further reason to doubt Plaintiff's testimony. (T 17)

Therefore, in light of the contradictions between the medical opinions cited above and Plaintiff's testimony concerning his alleged impairments, the ALJ did not find Plaintiff's testimony entirely credible. (T 18) The only severe impairments the ALJ found to be credible and in accord with the objective medical testimony were Plaintiff's arthritis of the shoulder, cervical disease, diabetes, mild memory problems, enlarged prostate, and hypertension. (Id.)

For the forgoing reasons, the court finds that the ALJ properly weighed the combined effect of Plaintiff's impairments.

**B.** Plaintiff also contends that because the ALJ omitted certain alleged impairments from his question to the VE, the ALJ did not consider Plaintiff's impairments in their entirety (Dkt. 18 at 14-15). Specifically, Plaintiff argues that the hypothetical question did not address Plaintiff's: inability to drive or operate machinery, blurry vision, urinary difficulties, thumb injury, hand numbness, brain infarct or stroke, lower back pain, and chest pain possibly caused by cardiac ventricular hypertrophy (Id.).

The hypothetical question must only include those limitations which are credibly supported by the record. See Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994). The ALJ's question to the VE must comprehensively describe a plaintiff's credible limitations. See Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985). Furthermore, the testimony of the VE is not required for a decision but is one of the many factors that the ALJ considers in the decision. See Cowart v. Schweiker, 662 F.2d 731, 736 (11th Cir. 1981).

At Plaintiff's hearing on March 10, 2005, the ALJ asked the VE, William Harvey, a rehabilitation specialist, the following hypothetical question:

> ALJ: Very well. Let's consider a hypothetical question, Mr. Harvey. In this hypothetical question please assume that we have an individual the same age as the Claimant, with the same educational background and work experience who retains the residual functional capacity for a limited range of light work as such term is defined in the Social Security [R]egulations. So please further assume this person can lift and carry 20 pounds occasionally, 10 pounds on a frequent basis. This individual should never climb ladders, scaffolds, can occasionally climb, balance[,] stoop, crouch, and kneel, is capable of fine and gross manipulations, should avoid moving machinery, should avoid unprotected heights, hazards, and as far as the mental restrictions, this hypothetical worker only has mild restrictions in the ability to do activities of daily living and to maintain concentration, persistence, and pace. . . . [T]his individual, . . . the sitting time will be six hours out of an eight-hour day and the standing and walking time is going to be about six hours out of an eight-hour day. Could this individual perform any of the Claimant's past relevant jobs?
>
> VE: Your Honor, all past-relevant work would be capable of being performed except for the last one, . . . the inspector job.

(T 258-59) Plaintiff's attorney then put forth his own hypothetical question for the VE.

> Atty: Accepting the hypothetical as so given by His Honor, if we added the factors that said hypothetical claimant would have to frequently, maybe in 10-minute intervals, seek urinary relief as well as be afflicted with double or blurry vision off and on throughout the workday, coupled with balance and vertigo problems, dizziness, throughout the workday, would such a hypothetical claimant be able to function in those capacity positions that you have so enumerated?
>
> VE: No, sir.

(T 260)

Contrary to Plaintiff's assertion, the ALJ's decision did identify the alleged additional impairments including urinary incontinence, poor vision, and dizziness. (T 15) The medical records do not support the alleged extent of Plaintiff's impairments. Bolstered by sound reasoning and

8

substantial evidence, the ALJ's credibility determinations will not be overturned by this court. Likewise, a hypothetical question drawn from these determinations will go undisturbed. The ALJ's decision and hypothetical properly included all credible evidence.

**C.** Next, Plaintiff contends that he has new medical evidence which is cause to remand his case under sentence six of the Act, 42 U.S.C. § 405 (g) (Dkt. 18 at 15). Plaintiff has attached to his brief medical records of vision and cardiac impairments from the American Geriatric Care Center and Frank Mendelblatt M.D. ("Dr. Mendelblatt") (Dkt. 18 at 20-29). These documents are dated from March 29, 2005 to October 5, 2005.

To obtain a sentence six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986).

First of all, Plaintiff's evidence must be new and noncumulative. Plaintiff could have submitted the documents at issue to the Appeals Council for review before March 24, 2006, the date it declined Plaintiff's request for review. (T 2-4) Most of the evidence was in existence and could have been considered by the ALJ before the September 14, 2005, issuance of his decision. Additionally, the evidence is cumulative because it recounts impairments and symptoms already before the ALJ. (T 147-50) A remand is not warranted because the evidence is neither new nor noncumulative.

Plaintiff also fails to meet the second prong of the remand test because the evidence is immaterial and details no new impairments; there is no reasonable possibility that its inclusion

would change the outcome of the case. The records merely describe the vision and chest pain claims already considered by the ALJ. (T 188, 190-91, 147-50) Plaintiff has failed to prove that the inclusion of these additional records would reasonably affect the outcome of the case. Therefore, the evidence is not material under the Act.

Further, even if the evidence were new and material, Plaintiff must still show good cause for failing to submit these records while his case was pending at the administrative level. That a document did not exist at the time is good cause for failure to submit. Caulder, 791 F.2d at 878-79 (citations omitted). However, as previously noted, all of Plaintiff's evidence existed prior to the final decision of the Appeals Council. Delay in obtaining copies of readily available evidence is not good cause for an untimely filing. Id. at 879. Plaintiff offers no explanation as to why he never submitted this evidence. Therefore Plaintiff's request to remand for new evidence is without merit.

### III.

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner denying Plaintiff's application for Disability Insurance and Social Security Income is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) the decision of the Commissioner is **AFFIRMED**, and this case is **DISMISSED** with each party to bear its own costs and expenses; and

(2) the Clerk of Court shall enter final judgment in favor of Defendant, consistent with 42 U.S.C. § 405(g).

**DONE AND ORDERED** in Tampa, Florida this 1st day of August, 2007.

_____
ELIZABETH A JENKINS
United States Magistrate Judge